UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREENTREE FINANCIAL GROUP, INC., </br></br> Plaintiff(s), </br></br> vs. </br></br> WORLD NATION LIVE ENTERTAINMENT, INC., </br></br> Defendant(s). | Case No. 2:16-cv-00972-GMN-NJK </br></br> ORDER </br></br> (Docket No. 23) |

Pending before the Court is Plaintiff's renewed motion for entry of default judgment. Docket No. 23. On July 8, 2017, a response was served in opposition arguing, *inter alia*, that service was not properly effectuated in this case. Docket No. 24. Plaintiff did not file a reply, and the deadline for doing so has expired. *See* Local Rule 7-2(b).

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo., Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The Ninth Circuit has made clear that the Court has a duty to ensure that a defendant is properly before the Court prior to entering default judgment against it. *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Hence, in deciding whether to grant a motion for default judgment, the Court is required to assess the adequacy of service of process on the party against whom default is requested. *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012). The party moving for default judgment bears the burden of showing that service was proper. *Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC*, 851 F. Supp.

2d 961, 963 (M.D.N.C. 2012). Conclusory assertions that service was properly effectuated fail to satisfy that burden. *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014) (collecting cases).

In this case, Plaintiff submitted a proof of service on the paralegal for the purported authorized agent of Defendant. Docket No. 20. The pending motion for default judgment states without elaboration that "Greentree perfected service" pursuant to that proof of service. Docket No. 23 at 2. The response to the motion explains that such service was ineffective, however, as the recipient of that service was not the registered agent of Defendant and that none of Defendant's (or its successor's) officers or directors received notice of this lawsuit. Docket No. 24 at 2.[1]

The Court need not resolve herein the ultimate issue of whether service was effectuated. Instead, the Court concludes that Plaintiff's conclusory statement that service was properly effectuated fails to satisfy its burden on that issue. Accordingly, the renewed motion for default judgment is hereby **DENIED** without prejudice. To the extent Plaintiff continues to seek default judgment, it must file its second renewed motion for default judgment by August 7, 2017, and **such motion must address the sufficiency of service and all other required showings necessary to obtain default judgment**. Any such motion must be served on Sheldon Drobny, at the address listed in Docket No. 24.

IT IS SO ORDERED.

DATED: July 24, 2017

                                                NANCY J. KOPPE  
                                                United States Magistrate Judge

---

[1] This response was filed *pro se*, and the Court construes it liberally. *See, e.g.*, *Berhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)

2