# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREENTREE FINANCIAL GROUP, INC., )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff, 　　　　　　) 　　Case No.: 2:16-cv-00972-GMN-NJK
　vs. 　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) 　　**ORDER**
WORLD NATION LIVE 　　　　　　　)
ENTERTAINMENT, INC. 　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant. 　　　　　)
_____)

　　Pending before the Court is the Objection, (ECF No. 28), filed by Plaintiff Greentree Financial Group, Inc. ("Plaintiff"), which objects to the Honorable Magistrate Judge Nancy J. Koppe's Report and Recommendation ("R&R"), (ECF No. 27). Interest Party Sheldon Drobny filed a Response to the Objection, (ECF No. 29), and Plaintiff filed a Supplement, (ECF No. 30). For the reasons stated herein, the R&R is **ADOPTED in full**.

**I.　BACKGROUND**

　　On July 24, 2017, the Court denied Plaintiff's Renewed Motion for Default Judgment, (ECF No. 23), for failure to satisfy its burden of showing proper service had been effectuated. (Order, ECF No. 25). The Court ordered that, to the extent Plaintiff continued to seek default judgment, it had to file its second renewed motion for default judgment by August 7, 2017. (*Id.*). Plaintiff failed to file a motion by this date.

　　On August 16, 2017, the Court issued an Order to Show Cause, requiring Plaintiff to demonstrate why the case "should not be dismissed for failure to effectuate service and/or failure to prosecute." (Order to Show Cause, ECF No. 26). The Court gave Plaintiff until August 23, 2017, to file its response. (*Id.*). In the alternative, the Court permitted Plaintiff to file a second renewed motion for default judgment by this date. (*Id.*). Plaintiff failed to do either. Accordingly, on August 25, 2017, Judge Koppe issued an R&R recommending that

Plaintiff's case be dismissed for failure to effectuate service and/or failure to prosecute. (R&R, ECF No. 27).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

In its Objection, Plaintiff argues that the Court should set aside the R&R because there exists excusable neglect under Federal Rule of Civil Procedure ("FRCP") 6(b) for its failure to respond to Judge Koppe's prior Orders. (Obj. 4:2–5:28, ECF No. 28). Under FRCP 6(b), the Court may, for good cause, grant an extension of time "on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

According to Plaintiff, "[w]hen Plaintiff reviewed the docket after the July 27, 2017 order, it became clear that World Nation's registered agent Clifford Neuman had resigned as its registered agent on May 16, 2016." (*Id.* 4:9–11). Based on this discovery, Plaintiff claims that "it was unable to answer the Court's Order by the due date of August 23, 2017 as it was not possible to remedy this service issue that quickly." (*Id.* 4:16–18). Plaintiff's argument fails for numerous reasons.

First, to date, Plaintiff has not filed a motion to extend time as required under FRCP 6(b) and the local rules. The instant Objection is Plaintiff's first mention of any need for additional time. Second, Plaintiff's explanation that it was "unable to answer the Court's Order" is without merit. While Plaintiff claims it did not have enough time to properly effectuate service

of process before the Court's August 23, 2017 deadline, that is not a reason for failing to respond to the Court's Orders and not timely seeking an extension of deadlines. Indeed, Plaintiff had two separate opportunities to comply with Judge Koppe's rulings and failed to abide by both deadlines. (*See* Order, ECF No. 25) (permitting Plaintiff to file a renewed motion for default judgment); (Order to Show Cause, ECF No. 26) (directing Plaintiff to demonstrate why the case should not be dismissed "for failure to effectuate service and/or failure to prosecute"). Whether it was "possible to remedy" the service issues by the show cause deadline is a separate issue from Plaintiff's obligation to comply with the Court's Orders. Accordingly, the Court finds no basis to depart from the R&R.[1]

IV. CONCLUSION

**IT IS HEREBY ORDERED** that the R&R, (ECF No. 27), is **ADOPTED in FULL.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to effectuate service and/or failure to prosecute.

**DATED** this __23__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] Plaintiff argues that adopting the R&R would "foreclose [its] ability to recover on a legitimate breach of contract claim" and also "punish [it] due to no fault of its own." (Obj. 5:16–18). Plaintiff is mistaken. Adopting the R&R results in dismissal *without* prejudice, and thus Plaintiff is not foreclosed from pursuing its claims after complying with proper procedures.